IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| **CARBON PROCESSING AND** | ) | |
| **RECLAMATION, LLC, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 09-2127-STA-cgc |
| | ) | |
| **VALERO MARKETING AND** | ) | |
| **SUPPLY CO., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

_____

**ORDER DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS**
_____

Before the Court is Defendants' Motion to Dismiss (D.E. # 13) filed on April 24, 2009. Plaintiffs filed their First Amended Complaint (D.E. # 19) on June 9, 2009. For the reasons set forth below, the Motion to Dismiss is **DENIED as moot**.

**BACKGROUND**

Plaintiffs' Complaint asserted six causes of action against Defendants: fraud in the inducement (Count I), fraud/promissory fraud (Count II), promissory estoppel and equitable estoppel (Count III), violation of the Tennessee Consumer Protection Act ("TCPA") (Count IV), breach of contract (Count V), and conversion (Count VI). All of the counts arise from Plaintiffs' alleged agreements and course of dealings with Defendants involving the sale of No. 6 Fuel Oil, also known as "slurry," a by product of the petroleum refining process used to for purposes such

as heating blasting furnaces and fueling generators for utility plants.  Compl. ¶¶ 7, 8, 11.  Plaintiff Carbon Processing and Reclamation, LLC ("CPR") is engaged in the business of purchasing and selling certain petroleoum products including No. 6 Fuel Oil.  *Id*. at ¶ 7.  Defendant Valero Refining Co. ("Valero") operates a refinery in Memphis, Tennessee, and generates No. 6 Fuel Oil as a byproduct of its refining operation.  *Id*. at ¶¶ 9, 10.

   Defendants filed their Motion to Dismiss Plaintiffs' initial complaint on April 24, 2009.  To date Defendants have not filed a responsive pleading.  Defendants' Motion to Dismiss argues that Plaintiffs' allegations have failed to state a claim against Defendants pursuant to Fed. R. Civ. P. 12(b)(6).  Because CPR's claims arise from an alleged agreement for the sale of goods, Article 2 of the Uniform Commercial Code ("UCC") governs this action.  Defendants argue that Plaintiffs' breach of contract claim must fail because the alleged contract was never reduced to writing.  As an agreement for the sale of goods in excess of $500, the agreement is controlled by the Statute of Frauds.  Plaintiffs have further failed to state their claims for fraud in the inducement and fraud/promissory fraud.  These are tort claims that allege purely economic losses and are thus barred under the UCC's economic loss doctrine.  Next Defendants contend that Plaintiffs have failed to state a claim for promissory estoppel because Plaintiffs cannot enforce a promise that is unenforceable under the UCC's Statute of Frauds.  Defendants argue in the alternative that Plaintiffs' fraud in the inducement, fraud/promissory fraud, and promissory estoppel claims fail because Plaintiffs cannot show reasonable reliance.  With respect to Plaintiffs' TCPA claim, the one-year statute of limitations period had run on such a claim by the time that Plaintiffs filed their suit on March 2, 2009.  Additionally, the TCPA claim fails to allege with the requisite particularity any violation of the TCPA occurring within the one-year

limitations period.  Finally, Plaintiffs' claim for conversion should be dismissed due to the fact that CPR had no vested property interest in the No. 6 Fuel Oil until the oil was delivered. Therefore, Defendants seek the dismissal of all of the counts in Plaintiff's Complaint.

Plaintiffs filed their First Amended Complaint on June 9, 2009, along with a Notice of Filing First Amended Complaint in Lieu of Response to Motion to Dismiss.  Plaintiffs allege the same six causes of action in the Amended Complaint as in the original Complaint.  It appears to the Court that Plaintiffs have included new factual allegations and rely on those additional facts for new support of their legal claims against Defendants.  Plaintiffs' Notice of Filing does not address the arguments raised in Defendants' Motion to Dismiss.  Plaintiffs simply argue that their filing of an Amended Complaint rendered the Motion to Dismiss moot.  Plaintiffs had the right to freely amend the Complaint pursuant to Rule 15(a) because Defendants had not yet filed a responsive pleading as the term "pleading" is defined under Rule 7.  In addition to the rules of procedure, Plaintiffs cite a series of cases, mostly from other jurisdictions for the proposition that an amended complaint renders a Rule 12(b)(6) motion to dismiss an initial complaint moot.  As a result, Plaintiffs contend that the Court must deny Defendants' Motion to Dismiss as moot.

## STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6).  When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the complaint as true

and construe all of the allegations in the light most favorable to the non-moving party.[1] However, legal conclusions or unwarranted factual inferences need not be accepted as true.[2] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[3]  "The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim."[4]

The Supreme Court has more recently stated that the Federal Rules "do not require a heightened fact pleading of specifics, but only enough facts to state a claim that is plausible on its face."[5]  The Sixth Circuit has subsequently acknowledged "[s]ignificant uncertainty" as to the intended scope of *Twombly*.[6]  Consequently, the Sixth Circuit has articulated the following as the standard of review for 12(b)(6) motions: on a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible

---

[1] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[2] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[3] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 889, 902 (6th Cir. 2003).

[4] *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

[5] *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) ("retiring" the "no set of facts" standard first announced in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

[6] *Weisbarth v. Geauga Park Dist.,* 499 F.3d 538, 541 (6th Cir.2007); *see also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 337 (6th Cir.2007) ("We have noted some uncertainty concerning the scope of *Bell Atlantic Corp. v. Twombly,* ... in which the Supreme Court 'retired' the 'no set of facts' formulation of the Rule 12(b)(6) standard ....").

on its face."[7] Thus, although the factual allegations in a complaint need not be detailed, they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."[8]

## ANALYSIS

Fed. R. Civ. Pro. 15(a)(1) permits a plaintiff to amend its complaint once as a matter of right before a responsive pleading is served: "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."[9] A motion to dismiss is not a "responsive pleading" as defined under the Federal Rules of Civil Procedure. Fed. R. Civ. Pro. 7(a) lists the following as the "only pleadings allowed": "a complaint; an answer to a complaint; an answer to a counterclaim designated as a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third party complaint; and if the court orders one, a reply to an answer."[10] Therefore, in the case at bar, Plaintiffs had the right "as a matter of course" to amend their Complaint without leave of the Court or the consent of Defendants.

It is well-settled that an amended complaint supersedes the original complaint and renders the initial pleading a nullity.[11] Courts in this Circuit and others will deny motions to

---

[7] *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.,* 501 F.3d 493, 502 (6th Cir. 2007) (quoting *Twombly,* 127 S.Ct. at 1974 (2007)).

[8] *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir.2007) (emphasis in original) (citing *Twombly,* 127 S.Ct. at 1964-65).

[9] Fed. R. Civ. Pro. 15(a).

[10] Fed. R. Civ. Pro. 7(a).

[11] *B & H Medical, L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 268 (6th Cir. 2008).

dismiss a complaint as moot after a plaintiff subsequently files an amended complaint.[12] Defendants' Motion to Dismiss is directed at Plaintiffs' original Complaint.  While it is true that Plaintiffs have alleged the same causes of action in the Amended Complaint as in the original Complaint, Plaintiffs have pled additional facts upon which those claims rest.  Therefore, Defendants' Motion to Dismiss will be **DENIED** as moot and without prejudice to present any and all issues raised in the instant Motion to Dismiss in a subsequent dispositive motion.

    **IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: July 30th, 2009.

---

[12] *E.g., Pinks v. Lowe's Home Centers, Inc.*, 83 Fed. Appx. 90 (6th Cir. 2003); *McCloy v. Correction Medical Services*, 2009 WL 190035, *2 (E.D. Mich. 2009); *Williams v. Kelly*, 2007 WL 2951303, *1 (E.D. Mich.2007).  *See also Young v. City of Mount Ranier,* 238 F.3d 567, 573 (4th Cir. 2001); *Milton v. Chicago Park Dist.*, 1998 WL 516805, *1 (7th Cir. 1998); *Wiser v. ASI-Agrieserve, Inc.*, 2009 WL 1422060, *1 (W.D. Pa. 2009).