IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| CARBON PROCESSING & RECLAMATION, LLC, and CPR MARINE, LLC, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| VALERO MARKETING & SUPPLY CO. and VALERO REFINING CO. - TENNESSEE, LCC, | ) ) ) ) |
| Defendants, | ) ) |
| v. | ) ) |
| WILLIAMS JONES, | ) ) |
| Third-Party Defendant. | ) |

No. 09-2127-STA

_____

**ORDER GRANTING PLAINTIFF'S MOTION TO RECONSIDER**
_____

Before the Court is Plaintiffs' Motion to Reconsider the Court's Order Granting in Part, Denying in Part Defendant's Motion to Dismiss (D.E. # 79) filed on April 6, 2010. Defendants have filed a response in opposition to Plaintiffs' Motion, and Plaintiffs have filed a reply brief. For the reasons set forth below, the Motion to Reconsider is **GRANTED**.

**BACKGROUND**

On March 10, 2010, the Court entered an Order Granting in Part, Denying in Part Defendant's Motion to Dismiss (D.E. # 74). In that Order, the Court held that Plaintiff had failed to state a claim for breach of an oral agreement between the parties for the sale of fuel oil

1

from Defendants' Memphis refinery; however, the Court concluded that Plaintiffs had plausibly stated a claim for breach of a contract created by the parties' course of dealing. The Court went on to dismiss Plaintiffs' tort claims for (1) fraud in the inducement, (2) fraud/promissory fraud, (3) promissory estoppel and equitable estoppel, and (4) conversion and claims for violations of the Tennessee Consumer Protection Act ("TCPA"). With respect to the tort claims sounding in fraud, the Court held that as a matter of law, Plaintiffs could not demonstrate justifiable reliance on any representations Defendants had made about the alleged two-year term of the parties' agreement. More specifically, the Court noted that in the course of exchanging various writings, Plaintiffs had proposed a 90-day termination provision, which would allow either party not to renew the agreement upon giving 90 days notice. Thus, Plaintiffs had failed to plead that they had reasonably relied on Defendants' alleged promise of a two-year term.

In the Motion before the Court, Plaintiffs seek reconsideration of the Court's Order on Defendants' motion to dismiss. Plaintiffs offer three arguments in favor of reconsideration. First, the Court erred in holding that Plaintiffs could not demonstrate reasonable reliance on Defendants' representations to induce Plaintiffs into signing a lease for barges to transport the oil Plaintiffs were to purchase from Defendants. According to the Amended Complaint, Defendants knew that Plaintiffs were contemplating a two-year lease of barges and assured Plaintiffs that they would sell Plaintiffs all of the oil in question for a term of two years. As a result, Plaintiffs signed the two-year barge lease with a third party. Defendants then failed to memorialize the two-year agreement and failed to perform for two years as promised. Plaintiffs contend that the Amended Complaint adequately pleads reasonable reliance. The Court should focus its reliance analysis only on Defendants' promises leading up to Plaintiffs' barge lease on February 5, 2008,

and not on any subsequent facts. The Court should not have considered the parties' later writings in which the parties agreed that either side could refuse to renew the agreement after the first year with 90-days notice to the other party. Second, Plaintiffs argue that the Court prematurely held that the judicial admission exception to the Statute of Frauds could not apply. Plaintiffs should first be given the opportunity to elicit the admission from Defendants before the Court can hold that this exception does or does not apply. Finally, Plaintiffs urge the Court to reconsider its ruling about the TCPA claims. The Court previously held that Plaintiffs had failed to state their TCPA claims because Plaintiffs had not pled reasonable reliance on Defendant's promises. The Court should not have applied tort principles like reliance to dismiss Plaintiffs' TCPA claims. Plaintiffs go on to argue that dismissal of the claims in question will additionally result in manifest injustice to Plaintiffs without creating undue burden for Defendants. If the Court granted reconsideration, then discovery would proceed in largely the same manner. Therefore, the Court should reconsider its previous Order and reinstate these claims.

## STANDARD OF REVIEW

It is settled that the Federal Rules of Civil Procedure do not specifically recognize motions to reconsider.[1] The Sixth Circuit has stated, "District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment. A district court may modify, or even rescind, such interlocutory orders."[2] In some cases, the Sixth

---

[1] *E.g. Westerfield v. United States*, 2010 WL 653535, at *5 (6th Cir. Feb. 24, 2010).

[2] *Mallory v. Eyrich,* 922 F.2d 1273, 1282 (6th Cir. 1991) (citations omitted). *See also Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 945-46 (6th Cir. 2004) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.") (citation omitted).

Circuit has explained that this inherent authority derives from common law and Rule 54(b).[3]  In other instances, the Court has held that motions to reconsider filed within the time permitted will be analyzed under Rule 59(e) and all other motions to reconsider filed thereafter under Rule 60(b).[4]  Generally, reconsideration of an interlocutory order is appropriate when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.[5]

## ANALYSIS

The Court finds good cause to grant Plaintiffs' Motion and reconsider its previous Order dismissing in part some of the claims in Plaintiffs' Amended Complaint.  Typically, motions for reconsideration should not be based on legal arguments that the movant has already raised or simply failed to raise in the earlier motion.[6]  Here the Court finds that in large part Plaintiffs have based their Motion on legal arguments that they raised or certainly could have raised in response to Defendants' earlier motion to dismiss.  On that basis, Plaintiffs have failed to show that they

---

[3] *E.g. Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004).  *See also Jaynes v. Austin*, 20 F. App'x 421, 425 (6th Cir. 2001) ("Under Fed. R. Civ. P. 54(b) an order that determines fewer than all the claims or rights of the parties does not terminate the action, and the order is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.").

[4] *E.g. Westerfield*, 2010 WL 653535, at * 5; *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999).  *See also* Fed. R. Civ. P. 59(e).

[5]  *Rodriguez*, 89 F. App'x at 959.

[6] *See Exxon Shipping Co. v. Baker*, 128 S.Ct. 2605, 2617 n.5 (2008) (citing 11 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2810.1 pp. 127-128 (2d ed. 1995)); *Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007).  *Helton v. ACS Group*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997) (quoting *Keweenaw Bay Indian Cmty. v. Michigan*, 152 F.R.D. 562, 563 (W.D. Mich. 1992), *aff'd* 11 F.3d 1341 (6th Cir. 1993)).

are entitled to reconsideration.  Nor have Plaintiffs shown that the Court's previous Order was clearly erroneous or that there has been some intervening change in controlling law.  Instead, the Court will reconsider its Order because the Court believes that it is in the best interest of justice and judicial economy to do so.  The Court will take up each of Plaintiffs' arguments in turn

I.      **Plaintiffs Have Adequately Pled Reasonable Reliance**

Plaintiffs' first objection to the Court's previous Order is that the Court improperly considered allegations about the parties' conduct occurring after Plaintiff had already acted in reliance on Defendants' earlier promises about the two-year term of the agreement.[7]  The Court notes that it considered this argument previously in the briefing on Defendants' motion to dismiss.  According to Plaintiffs, reasonable reliance must be measured at the time of the detrimental act, in this case Plaintiffs' decision to sign a two-year barge lease in reliance on Defendants' promises to sell Plaintiffs all of its No. 6 Fuel Oil in Memphis for a term of two years.  Although Plaintiffs cite four cases for this proposition, the language cited in those cases is arguably *dicta*, and none of the decisions involved the application of Tennessee law to a commercial transaction such as the one alleged in the Amended Complaint.  For its part the Court has had no more success than Plaintiffs in finding a case on point.

Hard-pressed to find clear error of law in its previous Order, the Court is nevertheless left with the firm conviction that a manifest injustice would result from the dismissal of Plaintiffs' tort claims at the pleadings stage of this case.  The Court would point out that Defendants admit

---

[7] Plaintiffs initially argue that the Court erred because reasonable reliance is a question of fact for a jury and thus not a matter for a Rule 12 motion.  This objection is without merit for the reasons already addressed in the Court's previous Order.  Order Granting in Part, Denying in Part Defs.' Mot. Dismiss, 35, Mar. 10, 2010.

that Plaintiffs' reliance on any alleged promise was no longer reasonable as of February 26, 2008, even though Plaintiffs had already signed the two-year barge lease on February 5, 2008.[8] In other words, Defendants appear to concede that Plaintiffs had already acted to their detriment on Defendants' assurances about a two-year term. The Court finds then that Plaintiffs have plausibly pled a claim for fraud in the inducement (Count I) with the requisite particularity that they relied to their detriment on Defendants' promises when they entered into the barge lease on February 5, 2008.[9] For the same reasons, the Court reinstates Plaintiffs' tort claims for fraud/promissory fraud (Count II) and promissory estoppel and equitable estoppel (Count III). As Plaintiffs argue, discovery on these tort claims would not unduly burden Defendants or unnecessarily enlarge the scope of issues for trial in this matter. To be sure, Defendants will continue to have the opportunity to test their defenses on these claims on summary judgment where Plaintiffs will have the burden to adduce evidence for these claims. Until then the Court concludes that Plaintiffs should have the opportunity to conduct discovery on these issues, and so the Court will allow them to go forward. Therefore, the Motion to Reconsider is **GRANTED** as to these tort claims.

## II.     Plaintiffs Should Have the Opportunity to Elicit a Judicial Admission

Plaintiffs next object that the Court should permit them an opportunity to obtain a judicial admission from Defendants about the existence of the alleged oral contract of December 2007, thereby bringing the contract within an exception to Tennessee's Statute of Frauds. Plaintiffs

---

[8] Def.'s Mot. Dismiss Am. Compl. 15, July 2, 2009.

[9] The Court has already concluded that Plaintiffs had adequately pled the other elements of fraud in the inducement. Order Granting in Part, Denying in Part Defs.' Mot. Dismiss, 34.

had previously argued that Defendants' out-of-court admissions about the existence of the December 2007 oral contract met the requirements of UCC § 2-201(3)(b), codified at Tenn. Code Ann. § 47-2-201(3)(b). The Court rejected that argument and held that Plaintiffs had not shown that the communications came from a judicial proceeding, and so the judicial admission exception to the Statute of Frauds was inapplicable. In the Motion before the Court, Plaintiffs offer a new argument that they should be given the opportunity to obtain a judicial admission from Defendants in the course of this litigation. Plaintiffs cite a number of cases from many jurisdictions for this proposition, none of which, however, applied Tennessee law. In fact, it appears to the Court that this issue is one of first impression in Tennessee. Under the circumstances, the Court is bound to apply the substantive law of Tennessee as if the action had been brought in the courts of that state.[10] When the highest court of the state has not answered a particular question of law, the Court must discern or predict how the state courts would respond if confronted with the same question.[11]

Although the Court is aware of contrary authority from other jurisdictions,[12] the Court holds that Plaintiffs are entitled to an opportunity to obtain a judicial admission from Defendants about the existence of the oral contract. The Court finds no evidence that the Tennessee courts have dismissed claims for breach of an oral contract at the pleadings stage where the plaintiff has

---

[10] *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Corrigan v. U.S. Steel Corp.*, 478 F.3d 718, 723 (6th Cir. 2007).

[11] *Hartford Fire Ins. Co. v. Lawrence, Dykes, Goodenberger, Bower & Clancy*, 740 F.2d 1362, 1365 (6th Cir. 1984); *Clutter v. Johns-Manville Sales Corp.,* 646 F.2d 1151, 1153 (6th Cir. 1981).

[12] *E.g. Triangle Marketing, Inc. v. Action Indus., Inc.*, 630 F. Supp. 1578, 1581 (N.D. Ill. 1986).

sought an opportunity to obtain the judicial admission. On the contrary, the Tennessee courts have applied the exception to testimonial admissions made at trial long-after the pleadings were closed.[13] Based on this limited case law, the Court finds no basis to conclude that the Tennessee courts would dismiss on the pleadings a breach of oral contract claim based on the judicial admission exception found at Tenn. Code Ann. § 47-2-201(3)(b). The Court notes that Defendants have filed their Answer as to the breach of contract claim (Count V) and denied Plaintiffs' allegations about the existence of the alleged December 2007 agreement.[14] Nevertheless, the Court concludes that Plaintiffs should have an additional opportunity to obtain the judicial admission in this case and argue for the application of this exception to Tennessee's Statute of Frauds. Therefore, the Motion to Reconsider is **GRANTED** as to this issue.

### III.     Plaintiffs Have Alleged a Plausible Claim for Violation of the TCPA

In their final objection to the Court's earlier Order, Plaintiffs argue that the Court erred by "utilizing tort concepts and relying upon the existence of the alleged ninety-day termination clause" in dismissing Plaintiffs' TCPA claims. The Amended Complaint actually alleges violations of the TCPA pursuant to Tenn. Code Ann. § 47-18-104(b)(7), (b)(9), and (b)(27). The Court dismissed any TCPA claims under § 47-18-104(b)(7) that Defendant "represent[ed] that goods or services [we]re of a particular standard, quality or grade, or that goods [we]re of a

---

[13] *E.g. Off Road Performance/Go Rhino v. Walls*, 2002 WL 31259436, at **1-3 (Sept. 16, 2002); *Aluminum Vinyl Sales Co. v. Woerz*, 1993 WL 367125, at * 2 (Sept. 20, 1993). In the absence of any indication that the state's highest court would adopt a rule contrary to the rule announced in an intermediate appellate court, the Court is not free to ignore the announcement of a state appellate court on matters of state law. *Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676 (6th Cir. 2000).

[14] Defs.' Answer, Aff. Defenses ¶¶ 22-36.

particular style or model, if they [we]re of another"[15] as well as claims under § 47-18-104(b)(9) that Defendant had "advertis[ed] goods or services with intent not to sell them as advertised."[16] The Court went on to dismiss any claims under § 47-18-104(b)(27), the TCPA's "catch-all" provision, which makes it unlawful to "engag[e] in any other act or practice which is deceptive to the consumer or to any other person."[17]

In their Motion to Reconsider, Plaintiffs do not ask the Court to reverse its dismissal of the TCPA claims arising under paragraphs (b)(7) or (b)(9). Rather Plaintiffs contend that the Court should not have dismissed the TCPA claims under the catch-all provision at (b)(27). The Court explained its ruling on these claims in its previous Order as follows:

> The Court fails to see how Defendant deceived Plaintiff or misrepresented its intention with respect to the term of the agreement or the quantity of oil at any time after February 2008 when it submitted the 953/954 drafts. The Court has already found that Plaintiff had reason to know that the two-year term was not part of the agreement as Plaintiff proposed the 90-day notice of termination provision.[18]

Plaintiffs argue that the same allegations supporting their tort claims also make out their TCPA claims that Defendants acted in an unfair and deceptive manner: Defendants made promises to Plaintiffs and induced Plaintiffs to enter into a two-year barge lease, only to later repudiate material terms of the promises. The Court would note that all of this alleged conduct occurred prior to February 26, 2008, the date on the which Defendants sent the first writings containing

---

[15] § 47-18-104(b)(7).

[16] § 47-18-104(b)(9).

[17] § 47-18-104(b)(27).

[18] Order Granting in Part, Denying in Part Defs.' Mot. Dismiss, 45.

contrary terms.  While the timing of that conduct may eventually prove to be outside of the statute of limitations, the Court's earlier Order stated it "would assume without deciding that the claims are timely."[19]  Furthermore, the Court has already reconsidered its ruling about Plaintiffs' allegations of reasonable reliance and the 90-day termination clause.  Even though Plaintiffs have failed to specify how the Court's previous Order was clear error, the Court finds that Plaintiffs should be allowed to move forward and conduct discovery on these claims.  Just as with the tort claims, Defendants will have later opportunities to seek the dismissal of Plaintiffs' TCPA claims.  Therefore, the Motion to Reconsider is **GRANTED** as to the TCPA claims under § 47-18-104(b)(27).

## CONCLUSION

Having found good cause to reconsider its previous Order, Plaintiffs' Motion to Reconsider is **GRANTED**. Because Defendants' initial Answer was filed after the Court entered its previous Order and responded only to certain claims that were not dismissed by the Court, Defendants are ordered to amend their responsive pleading to answer the claims reinstated, consistent with this Order.  Defendants shall file their amended pleadings within fourteen (14) days of the entry of this Order.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: September 29th, 2010.

---

[19] *Id*. at 42-43.