IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| CARBON PROCESSING AND RECLAMATION, LLC, and CPR MARINE, LLC, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) No. 09-2127-STA |
| VALERO MARKETING AND SUPPLY CO. and VALERO REFINING CO. – TENNESSEE, LLC, | ) ) ) ) |
| Defendants. | ) ) |
| v. | ) ) |
| WILLIAM L. JONES | ) ) |
| Third-Party Defendant. | ) |

_____

**ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER**
_____

Before the Court is Defendants Valero Marketing and Supply Co. and Valero Refining Co. – Tennessee, LLC's (hereinafter "Valero")'s Motion to Reconsider (D.E. # 207, 208) filed on April April 9, 2012. Plaintiffs Carbon Processing and Reclamation, LLC, and CPR Marine, LLC (hereinafter "CPR") have filed a response in opposition to Valero's Motion. For the reasons set forth below, the Motion to Reconsider is **DENIED**.

**BACKGROUND**

As the Court has set out in its previous orders, this case presents a commercial dispute over

1

a contract for the sale of slurry, a byproduct of the petroleum refining process. CPR is engaged in the business of purchasing and selling petroleum products, including slurry and fuel oils. Valero produces petroleum products of various grades, including conventional gasoline, diesel fuel, other fuel oils, and slurry. CPR alleges that Valero breached the parties' contract for sale of slurry and committed various torts and violations of the Tennessee Consumer Protection Act ("the TCPA").

On October 17, 2011, the Court issued a summary judgment order, concluding in part that the parties had a contract pursuant to Tenn. Code Ann. § 47-2-207(3). Specifically, the Court held that the parties had two separate term agreements for the sale of slurry. The first agreement provided for the sale of slurry free-on-board ("FOB") to CPR from Valero's Memphis refinery ("the 953 agreement"). The second contract was a delivered agreement whereby Valero promised to deliver certain quantities of slurry to CPR at facilities in New Orleans ("the 954 agreement"). The contracts came into existence by means of the parties' mutual recognition of a binding contract. The contracts consisted of the terms on which the writings exchanged by the parties agreed. For purposes of summary judgment, the Court focused its analysis on whether Valero breached the duration provisions of each contract when it cancelled the agreements in early 2009. Because CPR sought summary judgment only for the breach of the duration terms of the contracts, the Court did not construe any of the other material terms of the 953 or 954 agreements.

In its Motion to Reconsider, Valero argues that the Court should revisit its holdings that the parties had binding contracts by virtue of their conduct and that Valero breached the duration term of the 954 agreement. According to Valero, the Court should have conducted a more complete battle of the forms analysis to determine whether the parties had reached an agreement on the essential terms of price, product specification, and quantity as well as duration. Valero contends that factual

disputes remain about the terms of the contracts, and therefore summary judgment is not proper. Valero urges the Court to vacate its previous order and allow the parties to proceed to trial for resolution of all the issues raised at summary judgment.

CPR has responded in opposition to Valero's Motion to Reconsider. CPR argues that Valero has failed to offer any new legal authority in support of its position on the existence of a binding contract. The single new case Valero cites, a decision from the Seventh Circuit, is inapposite. In *C. ITOH & Co. (Am.) Inc. v. Jordan Intern. Co.*, 552 F.2d 1228 (7th Cir. 1977), the issue presented was whether an arbitration clause became part of contract by performance where the parties' writings disagreed on arbitration. According to CPR, the *ITOH* case is not on point. CPR next argues that Valero is mistaken about the Court's holdings and CPR's arguments about the existence of a contract in this case. Valero maintains that the writings did not memorialize all of the terms of the oral agreement the parties allegedly reached in December 2007 or any other alleged contract. By contrast, CPR argues that the parties had a contract by virtue of their course of performance based on the terms of the 953 and 954 writings. CPR stresses that both parties performed for many months in accordance with the terms of those writings and behaved as if they had a binding contract. Valero's own internal communications referred extensively to the existence of a contract with CPR for the sale of Valero's Memphis slurry. CPR finally contends that Valero has not shown why the Court should simply proceed to trial on all issues and withdraw its summary judgment rulings.

## **ANALYSIS**

Although the Federal Rules of Civil Procedure do not specifically recognize motions for reconsideration, Local Rule of Court 7.3 provides for motions for revision of interlocutory orders. Under the Local Rules, "any party may move pursuant to Fed. R. Civ. P. 54(b), for the revision of

3

any interlocutory order" before the entry of judgment.¹ Local Rule 7.3(b) enumerates the only grounds for revision and requires the moving party to specifically show

> (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.²

Like Rule 59(e) motions, a motion to reconsider should not be based on legal arguments or evidence that the movant simply failed to raise in the earlier motion.³ Local Rule 7.3(c) goes on to prohibit the repetition of any argument the party moving for revision made during the initial consideration of the issues.⁴ "Any party or counsel who violates this restriction shall be subject to appropriate sanctions, including, but not limited to, striking the filing."⁵

The Court finds that Valero has failed to present any basis for revision of the Court's summary judgment order. As a threshold matter, the Motion largely repeats the same arguments

---

¹ L.R. 7.3(a); *see also Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) ("District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment.").

² L.R. 7.3(b).

³ *See Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605, 2617 n.5 (2008) (citing 11 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2810.1 pp. 127-128 (2d ed. 1995)); *Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007).

⁴ L.R. 7.3(c); *see also Helton v. ACS Group*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997) ("where the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal.") (quotation omitted).

⁵ L.R. 7.3(c).

Valero made in opposition to CPR's motion for partial summary judgment, theories which the Court has already rejected. Valero fails to identify any new legal authority or intervening change in controlling law, which would lead the Court to reconsider its decision on these issues. Valero states in its Motion that "the Court deviated from controlling Tennessee law and engaged in the type of factual inquiry that is inappropriate at the summary judgment stage."[6] Valero cites only Tenn. Code Ann. § 47-2-203(3) and two cases applying Tennessee law, all of which were previously briefed for the Court at summary judgment.[7] Valero's memorandum further asserts that "the Court's truncated 'battle of the forms' analysis did not comply with the requirements of Tennessee Uniform Commercial Code § 47 (sic) 2-207(3). . . ."[8] Valero goes on to argue that "for the reasons set forth in its prior briefing" the Court arrived at an erroneous conclusion about the existence of a contract.[9] This is precisely the type of motion for revision, one based on arguments already considered and rejected, which Local Rule 7.3 prohibits. To the extent that Valero has proffered the same evidence

---

[6] Defs.' Mot. to Reconsider 2 (D.E. # 208). In fact, the Court held that the existence of a contract pursuant to Tenn. Code Ann. § 47-2-203(3) is a question of law for the Court to resolve, not a factual inquiry. *See* Order Granting in Part, Denying in Part Mot. for Summ. J. 25, Oct. 17, 2011 (D.E. # 197). Valero's Motion to Reconsider has not cited any legal authority to the contrary.

[7] *United Foods, Inc. v. Hadley-Peoples Mfg. Co.*, 1994 WL 228773, at *5 (Tenn. Ct. App. May 20, 1994), and *Zoroufie v. Lance, Inc.*, No. 07-2016-STA, 2008 WL 2669105, at *2 (W.D. Tenn. June 27, 2008). Valero's memorandum cites two other cases from other jurisdictions, which were not previously cited. *See C. ITOH & Co. (Am.), Inc. v. Jordan Intern. Co.*, 552 F.2d 1228, 1237 (7th Cir. 1997); *L.B. Foster Co. v. Tie & Track Sys., Inc.*, No. 07 C 3692, 2009 WL 900993 (N.D. Ill. Mar. 31, 2009). These cases are not binding on the Court and not controlling on matters of Tennessee law. Furthermore, this Court's decision in *Zoroufie* and the Northern District of Illinois' decision in *L.B. Foster* did not even address UCC § 2-207(3).

[8] Defs.' Mem. in Support 2 (D.E. # 207).

[9] *Id.*

5

and legal arguments here as it did at summary judgment, the Court finds that Valero "is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion." For these reasons, Valero's Motion is not well-taken and must therefore be **DENIED**.

    **IT IS SO ORDERED.**

                                                   s/ S. Thomas Anderson
                                                   S. THOMAS ANDERSON
                                                   UNITED STATES DISTRICT JUDGE

                                                   Date: July 6, 2012.