IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| **CARBON PROCESSING AND RECLAMATION, LLC, and CPR MARINE, LLC,** | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) No. 09-2127-STA |
| **VALERO MARKETING AND SUPPLY CO. and VALERO REFINING CO. – TENNESSEE, LLC,** | ) ) ) ) |
| Defendants. | ) ) |
| v. | ) ) |
| **WILLIAM L. JONES** | ) ) |
| Third-Party Defendant. | ) |

---

**ORDER GRANTING DEFENDANTS SUMMARY JUDGMENT AS TO PLAINTIFFS' CLAIMS FOR PROMISSORY ESTOPPEL**

---

Before the Court is the parties' briefing on Plaintiffs Carbon Processing and Reclamation, LLC, and CPR Marine, LLC (hereinafter "CPR")'s claims for promissory estoppel. For the reasons set forth below, CPR's promissory estoppel claim is dismissed.

### BACKGROUND

As the Court has set out in its previous orders, this case presents a commercial dispute over a contract for the sale of slurry, a byproduct of the petroleum refining process. CPR is engaged in the business of purchasing and selling petroleum products, including slurry and fuel oils. Defendants

1

Valero Marketing and Supply Co. and Valero Refining Co. – Tennessee, LLC's (hereinafter "Valero") produces petroleum products of various grades, including conventional gasoline, diesel fuel, other fuel oils, and slurry. CPR alleges that Valero breached the parties' contract for the sale of slurry and committed various torts and violations of the Tennessee Consumer Protection Act ("the TCPA").

On October 17, 2011, the Court issued a summary judgment order, concluding in part that the parties had a contract pursuant to Tenn. Code Ann. § 47-2-207(3). Specifically, the Court held that the parties had two separate term agreements for the sale of slurry. The first agreement provided for the sale of slurry free-on-board ("FOB") to CPR from Valero's Memphis refinery ("the 953 agreement"). The second contract was a delivered agreement whereby Valero promised to deliver certain quantities of slurry to CPR at facilities in New Orleans ("the 954 agreement"). Both contracts came into existence by means of the parties' mutual recognition of a binding contract. Both contracts consisted of the terms on which the writings exchanged by the parties agreed. In short, the Court held that as a matter of law that the parties had a contract under Tennessee law.

The Court did not, however, decide whether Valero was entitled to summary judgment on CPR's claim of promissory estoppel. In its summary judgment order, the Court discussed at length Tennessee law on promissory estoppel, particularly whether promissory estoppel is an exception to the statute of frauds and the quantum of proof needed to establish a claim based on the doctrine. The Court concluded that these two issues were determinative of CPR's promissory estoppel claim and that the Tennessee courts had not resolved the issues presented . Under the circumstances, the Court found cause to certify these questions to the Tennessee Supreme Court pursuant to Tennessee Supreme Court Rule 23. Concurrent with the entry of its summary judgment order in October 2011,

the Court entered an Order Certifying Questions of State Law to the Supreme Court of Tennessee (D.E. # 199).

On February 23, 2012, the Tennessee Supreme Court issued an order, stating that "the federal district court's grant of partial summary judgment in favor of the plaintiffs on the issue of the existence of a contract has rendered moot the plaintiffs' promissory estoppel claim and, therefore, has rendered moot the certified questions."[1]  The Tennessee Supreme Court added that the certified questions were "stated too broadly" insofar as the questions addressed promissory estoppel as an exception to Tennessee's general statute of frauds, and not as a possible exception to the statute of frauds under the Tennessee Uniform Commercial Code ("UCC").  For these reasons the Tennessee Supreme Court declined to reach the certified questions as presented.

Following the Tennessee Supreme Court's ruling, the parties filed separate motions for reconsideration and clarification, which the Court decided in July 2012.[2]  On August 28, 2012, the Court conducted a telephonic status conference with counsel for all parties to receive a report on the current status of the case.  Based on the status report and in consultation with counsel for all parties, the Court set a trial date of February 19, 2013.  The Court also directed the parties to submit additional briefing on the issue of whether CPR continued to have a viable claim for promissory estoppel in light of the Tennessee Supreme Court's order.  Thereafter, the parties filed opening

---

[1] Order on Rule 23 Certified Questions of Law, Feb. 23, 2012 (D.E. # 202) (citing *Sparton Techs., Inc. v. Util-Link, LLC*, 248 F. App'x 684, 690 (6th Cir. 2007); *Rice v. Askins*, no. 09-2021-STA-cgc, 2009 WL 2163508, at *2-3 (W.D. Tenn. July 13, 2009); *Johnson v. Metro. Gov't of Nashville*, no. M2001-00633-COA-R3-CV, 2002 WL 31769125, at *10 (Tenn. Ct. App. Dec. 11, 2002).

[2] Order Granting CPR's Mot. for Clarification, July 9, 2012 (D.E. # 210); Order Denying Valero's Mot. for Reconsideration, July 9, 2012 (D.E. # 211).

memoranda on September 18, 2012, and response briefs on October 2, 2012. The issue having been fully briefed, the question is now ripe for determination.

In its opening brief, CPR argues that the Court should allow it to present its claim of promissory estoppel to the jury as an alternative theory of recovery. CPR concedes that the cases cited by the Tennessee Supreme Court all hold that "promissory estoppel is an alternative theory to recovery on an express contract" and that "once an express contract is found, the alternative theory of promissory estoppel is moot."[3] Nevertheless, CPR cites authority for the proposition that a plaintiff may pursue a promissory estoppel claim even where the parties have an express contract, particularly "where a claim of promissory estoppel was advanced to expand the terms of, not change the terms of, an existing contract."[4] CPR contends that based on the Court's orders, the law of the case is that the parties had a contract and that Valero breached the duration provision of the 954 or delivered agreement. CPR adds that in the event Valero "disputes" these rulings about the existence and breach of a contract or "intends to argue that the contract found by the Court is still somehow unenforceable," the Court should permit CPR to argue promissory estoppel as an alternative theory to the jury and instruct the jury accordingly.[5]

Valero's opening brief argues that CPR's promissory estoppel claim is now moot based on the Tennessee Supreme Court's decision. Valero contends that this Court's "finding of a contract

---

[3] CPR's Suppl. Br. Regarding Promissory Estoppel Claim, 3 (D.E. # 217) (citations omitted).

[4] *Id.* (citation omitted).

[5] *Id.* at 6.

and some of its express terms rendered the promissory estoppel issue moot."[6] According to Valero, even though the parties might still "dispute the terms, scope and effect of the contract found by the Court," CPR's promissory estoppel claim is no longer viable under Tennessee law.[7] Therefore, Valero argues that the Court should grant it judgment as a matter of law on the claim.

In its response brief, CPR reiterates the Court's conclusion that a contract existed between the parties and that promissory estoppel is an alternative theory of recovery to breach of contract. Notably, CPR draws attention to Valero's statement in its brief about the parties' ongoing disagreement about "the terms, scope and effect of the contract found by the Court."[8] CPR maintains that Valero "cannot have it both ways" by arguing that the promissory estoppel claim is moot and at the same time arguing that disputes remain about the "scope" or "terms" of the contract.[9] CPR argues that if the Court allows Valero to argue to a jury that a contract did not exist, then the Court should allow CPR to argue promissory estoppel as an alternative theory of recovery at trial.

In its response memorandum, Valero maintains that it is entitled to summary judgment on the promissory estoppel claim. While acknowledging CPR's right to plead alternative theories, Valero argues that CPR can no longer assert promissory estoppel as an alternative basis for recovery. Valero asserts that "[e]stoppel can be pursued as an alternative theory only if the formation of a

---

[6] Valero's Mem. Regarding the Tenn. S. Ct.'s Order on Certified Questions, 3-4 (D.E. # 216).

[7] *Id.* at 4.

[8] CPR's Reply Br., 3 (D.E. # 218).

[9] *Id.* ("CPR respectfully submits that any arguments pertaining to whether a contract exists should not be entertained based on the Court's prior ruling.").

contract is a disputed issue at trial."[10]  Valero acknowledges the Court's holding that a contract between the parties existed and argues that as a result of this ruling, CPR is precluded from presenting its estoppel theory to the jury.  Valero goes on to draw a distinction between its defenses that a contract was never formed, which the Court has resolved in favor of CPR, and its defenses at trial that a contract cannot be enforced against it.  For example, Valero has raised a number of theories about the enforceability of the contract, including "CPR's prior breach, waiver or estoppel, [and] the triggering of the 'price-band' in the contract. . . ."[11]  To the extent that CPR argues that promissory estoppel can expand the terms of the existing contract, Valero responds that the Court should not permit CPR to posit such a theory.  The Court has already issued a series of rulings about the parties' oral promises and concluded that they were not enforceable.  Valero asserts that "there are no alleged promises without consideration that could give rise to promissory estoppel" remaining in this case.[12]  Under the circumstances, Valero argues that the Court should dismiss CPR's claim for promissory estoppel.

## STANDARD OF REVIEW

Under Tennessee Supreme Court Rule 23, a United States District Court sitting in Tennessee may certify questions of law to the Tennessee Supreme Court if it "determines that, in a proceeding before it, there are questions of law of this state which will be determinative of the cause and as to which it appears to the certifying court there is no controlling precedent in the decisions of the

---

[10] Valero's Mem. in Resp., 4 (D.E. # 219).

[11] *Id.* at 3.

[12] *Id.*

6

Supreme Court of Tennessee."[13] The Sixth Circuit has recognized the importance of certification for federal courts sitting in diversity because the process "frees them from having to speculate how state courts will decide important questions of state law."[14] And as the Supreme Court of the United States has remarked, the certification process allows federal courts to "save time, energy, and resources and help build a cooperative judicial federalism."[15] To those ends, once a federal court has certified questions of state law, the court "should not be free to treat the answer as merely advisory unless the state court specifically contemplates that result."[16]

## ANALYSIS

The Tennessee Supreme Court has issued an order finding CPR's claim for promissory estoppel to be moot. Even though this Court did not certify that precise question to the Tennessee court, the Court nevertheless finds that it is not free to ignore the Tennessee court's answer on the matter. The order of the Tennessee court is conclusive and otherwise gives no indication that the opinion of the Tennessee court was merely advisory. This Court has granted CPR judgment as a matter of law on the formation and existence of a contract pursuant to Tenn. Code Ann. § 47-2-207(3) and even denied Valero's subsequent motion to reconsider the ruling. The Tennessee court concluded that this Court's "grant of partial summary judgment in favor of the plaintiffs on the issue

---

[13] Tenn. S. Ct. R. 23 § 1.

[14] *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 719 (6th Cir. 1994).

[15] *Arizonans for Official English v. Ariz.*, 520 U.S. 43, 77 (1997) (quoting *Lehman Bros. v. Schein,* 416 U.S. 386, 391 (1974) (internal quotation marks and brackets omitted)).

[16] *Grover by Grover*, 33 F.3d at 719.

of the existence of a contract has rendered moot the plaintiffs' promissory estoppel claim . . . ."[17] Based on the answer announced in the Tennessee Supreme Court's order and the supporting authority cited therein, this Court concludes that CPR's alternative theory of promissory estoppel is no longer viable. Therefore, Valero is entitled to summary judgment on the claim.

CPR correctly points out that Valero has signaled an intention to assert various defenses to the enforcement of the parties' agreement. CPR requests then that the Court permit it to present its promissory estoppel claim so long as the Court permits Valero to continue to challenge the existence of the contract. Valero responds that it does intend to raise certain defenses at trial but only those which go to whether Valero can be held liable for any breach the parties' contract, and not whether the parties ever formed a contract in the first place.[18] As previously noted Valero contends that "[e]stoppel can be pursued as an alternative theory only if the formation of a contract is a disputed issue at trial."[19] The Court finds that Valero has the better of this argument. The Court must make clear that its previous holding about the existence of a contract between the parties is now the law of the case.[20] As such, Valero has no basis to argue now (and will have no opportunity to argue later

---

[17] Order on Rule 23 Certified Questions of Law, 1.

[18] For example, Valero claims that CPR was the first party to commit a material breach of the contract, thereby precluding CPR's claims for breach. Under Tennessee law this is a recognized defense to a claim for breach of contract. *See United Brake Sys., Inc. v. Am. Envt'l Protection, Inc.,* 963 S.W.2d 749, 756 (Tenn. Ct. App.1997) (concluding that a party which has materially breached a contract may not recover damages based on the other party's later material breach of the same contract); *McClain v. Kimbrough Constr. Co.,* 806 S.W.2d 194, 199 (Tenn. Ct. App. 1990) (same).

[19] Valero's Mem. in Resp., 4 (D.E. # 219).

[20] *Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006) ("The law of the case doctrine provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.") (internal quotation marks and

to a jury) that the parties never formed a contract. While it is true that Valero's opening brief refers to the parties' dispute about the "terms, scope, and effect of the contract found by the Court," it is clear from the rest of Valero's briefing that it understands the Court's ruling on the formation and existence of the contract.[21] Although the parties had a contract as a matter of law, CPR has not shown why Valero should not be allowed to present any available defenses to the enforcement of the contract at trial. Likewise, CPR has failed to show that the Court should allow it to maintain its estoppel theory despite the Tennessee Supreme Court's order. Therefore, the Court concludes that Valero is entitled to judgment as a matter of law on CPR's promissory estoppel claim.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: October 12, 2012.

---

quotation omitted).

[21] Valero's Mem. in Resp., 4 ("In short, CPR's estoppel claim should be tried only if the issue of contract formation is a disputed matter at trial. Valero would agree with such an approach. If, however, the Court will instruct the jury that a contract exists, the fact that Valero will present evidence about bars to the enforcement of the contract does not permit the presentation of the estoppel claim.").